UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ELLEN J. THAYER

       Plaintiff,

  v.                                                 Civil Action No._____

FINANCIAL ASSET MANAGEMENT
SYSTEMS, INC.,                             **JURY TRIAL DEMANDED**

       Defendant.
_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action brought by Plaintiff Ellen J. Thayer against Defendant Financial Asset Management Systems, Inc. for actual damages, statutory damages, treble damages, costs and attorneys fees brought by an individual consumer for the said Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA") and the Telephone Consumer Protection Act of 1991 (hereinafter referred to as the "TCPA").

### II. JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. That Plaintiff's causes of actions under the TCPA are predicated upon the same facts and circumstances that give rise to her federal cause of action. As such, this Court has supplemental jurisdiction over Plaintiff's said causes of action pursuant 28 U.S.C. §1367.

4. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendants transact business within this district, and in that the conduct complained of occurred here as well.

### III. PARTIES

5. Plaintiff Ellen Thayer is a natural person residing in Town of Amherst, County of Erie and State of New York, and is a "consumer" as that term is defined by 15 U.S.C.§1692a(3).

6. Defendant Financial Asset Management Systems, Inc., (hereinafter "Financial Asset") is a foreign corporation organized under the laws of the State of Georgia, and is a "debt collector" as that term is defined by 15 U.S.C.§1692a(6).

7. That upon information and belief, the Defendant Financial Asset regularly attempts to collect debts alleged to be due another, and uses the U.S. mail in furtherance of its collection of debts alleged to be due another.

8. That at all times relevant herein, Plaintiff owned, operated and/or controlled "customer premises equipment" as defined by the Communications Act of 1934 (CA), 47 U.S.C.§153(14), that originated, routed, and/or terminated telecommunications.

9. That at all times relevant herein, Plaintiff was and is a "person" as defined by the CA, 47 U.S.C.§153(32).

10. That Defendant, at all times relevant herein, owned, operated and/or controlled "customer premises equipment" as defined by the CA, 47 U.S.C.§153(14), that originated, routed, and/or terminated telecommunications.

11. That at all times relevant herein, Defendant has used the United States mail service, telephone, telegram and other instrumentalities of interstate and intrastate commerce to attempt to collect consumer debt allegedly owed to another.

12. That Defendant, at all times relevant herein, engaged in "interstate communications" as that term is defined by the CA, 47 U.S.C.§153(22).

13. That Defendant, at all times relevant herein, engaged in "telecommunications" as defined by the CA, 47 U.S.C.§153(43).

14. That Defendant, at all times relevant herein, used, controlled and/or operated "wire communications" as defined by the CA, 47 U.S.C.§153(52), that existed as instrumentalities of interstate and intrastate commerce.

15. That Defendant, at all relevant times herein, used, controlled and/or operated "automatic telephone dialing systems" as defined by the TCPA, 47 U.S.C.§227(a)(1) and 47 C.F.R. 64.1200(f)(1).

16. The acts of Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

17. All references to "Defendant" or "Financial Asset" herein shall mean the Defendant or an employee of said Defendant.

## IV. FACTUAL ALLEGATIONS

18. Plaintiff Ellen Thayer incurred and later defaulted on a financial obligation for cellular telephone service to AT&T. Said obligation will be referred to as "the subject debt" in this complaint.

19. Upon information and belief, the subject debt was an obligation to pay money arising out of a transaction in which the money or services which were the subject of the transaction were primarily for personal, family, or household purposes.

20. Upon information and belief, the subject debt was a "debt" as that term is defined by is defined by 15 U.S.C.§1692a(5).

21. That after Plaintiff's default, AT&T employed Financial Asset to attempt to collect the subject debt.

22. That in or about September of 2007, Plaintiff received a telephone call from Defendant. Defendant demanded payment of the full amount of the subject debt. Plaintiff responded that she was on a fixed income and asked for a payment plan. Defendant refused and told Plaintiff she would be sued if she did not pay. Plaintiff then requested that Defendant no longer contact her and hung up the telephone.

23. That after the telephone call described in paragraph 22 herein, Defendant placed approximately 80 telephone calls during the months of September of 2007 through November of 2007 to Plaintiff's residential telephone line in which the left a artificial and/or prerecorded voice message on Plaintiff's telephone answering machine.

24. That in each of the telephone calls described in paragraph 23 herein, Defendant did not provide the full name of their business as registered with the State of New York.

25. That on or about October 7, 2007, Plaintiff received another letter from the Defendant requesting payment in full of the subject debt.

26. That on or about October 19, 2007, Plaintiff received at least three telephone calls from the Defendant, which Plaintiff did not answer. Plaintiff took her telephone of the hook from 5:00 p.m. until 8:00 p.m. and one of these three calls occurred within minutes of her putting the telephone back on the hook.

27. That on or about October 30, 2007, Plaintiff received two telephone calls from Defendant, one of which she answered. During the call she answered, Plaintiff again requested that she be provided with an affordable payment arrangement. Defendant initially refused, but then then offered to accept $290.00 each month for four months. Plaintiff responded that she could not afford that amount, and reminded Defendant that she had previously asked them to stop calling her. Defendant stated to Plaintiff that they would only honor such a request if it was made in writing. Defendant then falsely accused Plaintiff of yelling at him, and told her she should not sign contracts she could not afford to pay. Plaintiff explained that her only income is Social Security Disability benefits and Defendant responded that he "gave her options." Defendant then began yelling at the Plaintiff.

28. That in total, Defendant made approximately 80 telephone calls to Plaintiff in which they left a prerecorded message on her telephone answering machine, but did not fully disclose the name in said messages their business name as registered with the Division of Corporations of the Secretary of State of the State of New York.

29. That as a result of the foregoing, Plaintiff Ellen Thayer became nervous, upset, and suffered emotional distress.

V.  COUNT ONE
(FDCPA claims)

30. Plaintiff repeats and realleges and incorporates by reference paragraphs 1 through 29 above.

31. That Defendant Financial Asset violated multiple provisions of the FDCPA, including but not limited to the following:

    A. Defendant violated 15 U.S.C. §1692d, 15 U.S.C. §1692d(2) and 15 U.S.C.§1692d(5) by repeatedly causing the Plaintiff's telephone to ring with the intent to annoy, abuse, or harass any person at the called number and by yelling at the Plaintiff.

    B. Defendant violated 15 U.S.C. §1692c(a)1, 15 U.S.C. §1692d, and 15 U.S.C. §1692f by continuing to call Plaintiff after she requested that they no longer contact her.

    C. Defendant violated 15 U.S.C.§1692e, 15 U.S.C.§1692e(5), and 15 U.S.C.§1692e(10) by misrepresenting that they could legally call her after Plaintiff made a verbal request to them to stop calling her, and threatening to make such calls.

32. As a result of the Defendants' violations of the FDCPA, the Plaintiff suffered actual damages, including emotional distress, and is also entitled to an award of statutory damages, costs and attorneys' fees.

## VI.  COUNT TWO
(Telephone Consumer Protection Act of 1991
and 47 C.F.R.14.1200, et seq.)

33. Plaintiff repeats, realleges and incorporates by reference the preceding and succeeding paragraphs in this complaint as if each of them was reprinted herein below.

34. Defendant, at all times material and relevant hereto, unfairly, unlawfully, and intentionally violated the TCPA, 47 U.S.C.§227, et seq. and 47 C.F.R.14.1200, et seq.

35. Defendant, at all times material and relevant hereto, committed numerous violations of the TCPA.  Such violations include, but in no manner shall they be limited to, the following:

    i.  Defendant, at all times material and relevant hereto, initiated telephone calls to Plaintiff's residential telephone line using an automated telephone dialing system and/or an artificial and/or prerecorded voices to deliver messages without the express consent of the Plaintiff to initiate telephone calls to Plaintiff's residential telephone line using an automated telephone dialing system and/or an artificial or prerecorded voice to deliver a message without the prior express consent of the Plaintiff and thereby violated the TCPA, 47 U.S.C.§227(b)(1)(B).

    ii. In the alternative to the allegations contained in paragraph 35(i) herein, if Plaintiff is found to have given consent to Defendant to call her and leave messages as alleged, such consent was revoked on each occasion that Plaintiff requested that Defendant make no further telephone calls to her and/or cease contact with her.

   iii.    Defendant, at all times material and relevant hereto, initiated communication to the Plaintiff using an automated telephone dialing machine that was not in compliance with the technical and procedural standards prescribed by the TCPA, 47 U.S.C.§227, and/or used an automatic telephone dialing system not in compliance such standards and thereby violated  TCPA, 47 U.S.C.§227(d)(1)(A).

   iv.    The Defendant, at all times material and relevant hereto, initiated artificial and/or prerecorded telephone communications to the Plaintiff while failing at the beginning of the communications to state clearly their registered name identity in violation of 47 C.F.R.§64.1200(b)(1).

36. The acts and/or omissions of Defendant, at all times material and relevant hereto, as described in this complaint, were done unfairly, unlawfully, and intentionally with the express and sole purpose of unfairly, unlawfully, and intentionally coercing Plaintiff to pay the alleged debt.

37. The acts and/or omissions of the Defendant, at all times material and relevant hereto, as described in this complaint, were done unfairly, unlawfully, and intentionally and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

38. The acts and/or omissions of the Defendant, at all times material and relevant hereto, as described in this complaint, were not acted or omitted pursuant to 47 C.F.R.§64.1200(f)(2).

39. As a causally-direct and legally proximate result of the above violations of the TCPA, the Defendant at all times material and relevant hereto, as described in this complaint, caused the Plaintiff to sustain damages as a result of their innumerable telephone calls that harassed, annoyed and abused Plaintiff, and disturbed the peace and tranquility of her home.

40. As a causally-direct and legally proximate result of the above violations of the TCPA, the Defendant Velocity, at all times material and relevant hereto, as described in this complaint, caused the Plaintiff to sustain damages and experience severe emotional distress.

41. As a causally-direct and legally proximate result of the above violations of the TCPA, the Defendant Velocity, at all times material and relevant hereto, as described in this complaint, is liable to actual damages, statutory damages, treble damages, and costs and attorneys fees.

42. Plaintiff received approximately 80 telephone calls from an automated telephone dialing system and/or received telephone messages of an artificial and/or prerecorded nature entitling Plaintiff to Five Hundred Dollars and No Cents ($500.00) for each call made using an automated telephone dialing system and/or an artificial and prerecorded telephone call pursuant to the TCPA, 47 U.S.C.§227(d)(3)(B), from the Defendant in the amount of Forty Thousand Dollars and No Cents ($40,000.00).

43. The Defendant caused said telephone calls from an automated telephone dialing system and/or left messages on Plaintiff's telephone answering machine of an artificial and/or prerecorded nature willfully and/or knowingly entitling Plaintiff to a maximum of treble damages in the amount of One Hundred Twenty Thousand Dollars and No Cents ($120,000.00). pursuant to TCPA U.S.C.§227(d)(3).

Case 1:08-cv-00041-RJA-HBS   Document 1   Filed 01/17/08   Page 6 of 7

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for:

(a)  Actual damages;

(b)  Statutory damages pursuant to TCPA, 47 U.S.C.§223(b)(3)(B).

(c)  Treble statutory damages pursuant to TCPA, 47 U.S.C.§223b(3).

(d)  Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

(e)  For such other and further relief as may be just and proper.

**PLAINTIFF DEMANDS A JURY TRIAL ON ALL CAUSES OF ACTION**

Dated:  January 8, 2008

> s/Kenneth R. Hiller_____
> BY: Kenneth R. Hiller, Esq.
> Amanda R. Jordan, Esq.
> Law Office of Kenneth Hiller
> *Attorneys for the Plaintiff*
> 2001 Niagara Falls Boulevard
> Amherst, NY 14228
> (716) 564-3288
> Email: khiller@kennethhiller.com
>             ajordan@kennethhiller.com

## VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF

Ellen Thayer, affirms that the following statements are true and correct under penalties of perjury:

1. I am the Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorney and believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.


Dated:  January 8, 2008                 s/Ellen Thayer_____
                                        Ellen Thayer